BEST BROTHERS, Plaintiffs in Error, v. JOHN KEMPF, Defendant in Error.

St. Louis Court of Appeals, January 7, 1896.

1. **Instructions:** REFUSAL WHEN OTHERS OF LIKE PURPORT ARE GIVEN. An appellant has no ground for complaint of the refusal of an instruction, when the propositions embraced therein are fully embodied in other instructions given by the court.

2. ———: NOT BASED ON EVIDENCE. It is error to submit to the jury any issue which is not supported by evidence.

3. **Sales:** WARRANTY OF SUFFICIENCY OF MACHINE: RELEVANCY OF EVIDENCE. A warranty made on the sale of a harvesting machine, that the machine would do as good work as any other harvester binder, means only that its work will be as good as that of any other harvester binder then in use. Accordingly, evidence of the work done by harvest binders which are made subsequently is irrelevant. And *held*, BOND, J., dissenting, that error in the admission of such irrelevant evidence was prejudicial under the facts of this cause.

*Error to the Marion Circuit Court.*—HON. THOS. H. BACON, Judge.

REVERSED AND REMANDED (BOND, J., *dissenting*).

*R. E. Anderson* and *W. M. Boulware* for plaintiffs in error.

*John W. Boulware* for defendant in error.

BOND, J.—Plaintiff sold to defendant a harvesting machine upon an agreement of the defendant to pay therefor $275 and freightage in cash on delivery, or execute his note for the price of the machine, with eight per cent interest after August 1, 1881. By the terms of sale the machine was warranted to be of good material and well made, and that, if properly set up.

and operated according to directions of the manufacturer, it would "do good work under all ordinary circumstances," and "do as good work under all circumstances as any other harvester binder." The warranty further provided that, if the machine failed in the above respects on a first trial, notice should be given and a second trial had in the presence, or under the direction, of the manufacturer, and if the failure of the machine to meet the warranty was shown on the second trial to be due to other causes than an improper adjustment and use by the purchaser, then it might be returned and the payments made thereon would be refunded. Defendant failed to pay for said machine on delivery or to execute his note therefor, whereupon plaintiff sued for the price of said machine and the freight charged. Defendant answered, pleading 'the aforesaid warranty and averring a breach thereof in that the machine in question failed upon two trials, the latter being made in the presence, and under the direction, of plaintiffs, to do good work as a harvester and binder, wherefore defendant returned said machine to plaintiffs. The reply was a general denial. After hearing the evidence and receiving instructions, the jury found for defendant, and plaintiffs brought the case to this court by writ of error.

I. There was evidence on the trial tending to sustain both plaintiffs' right to recover and the defense of a breach of warranty made in the answer. The plaintiffs' first complaint relates to the refusal of the court to give five instructions requested by them. The instructions in question told the jury that they should find for the plaintiffs, if they believed from the evidence that the machine on its first trial, under ordinary circumstances, did good work, or if, having failed on its first trial to do good work, it nevertheless did good work upon a second trial, under ordinary circumstances,

when adjusted and operated by the agents of the manufacturer. As the same propositions are fully embodied in instructions given by the court of its own motion, the refusal of the plaintiffs' instructions furnished no just ground of complaint.

II. The second error assigned is that, although there was no evidence in the case negativing the fact that the machine was of good material and well made, yet the court instructed the jury to find for the defendant unless they *found* that the machine was of good material and well made. This complaint is just. The warranty as to material and soundness of the machine was an independent warranty. Counsel recognize this fact in arguing here that the right of recovery was determined by the result of the two trials, if the material in the harvester met the other conditions of the warranty. It is an elementary proposition that an instruction must be based on evidence, and that it is error to submit any proposition to the jury which is not supported by evidence.

It is next complained that the court erred in admitting testimony offered by defendant tending to show that changes were made in the manufacture of machines like the one in question in the year 1882. The machine, as above seen, was a Champion machine sold in May, 1881. The defendant's evidence tended to show that the machine did not properly elevate and bind the wheat, and that for that reason the machine would choke. The defendant was permitted, against plaintiffs' objection, to show by the agent of a rival company that, subsequently to the year 1881, the Champion company constructed a different elevator on its machine. Against similar objections the same witness was permitted to testify that the Champion binder of 1881 had as a knot-tying device the plunger or tube knotter, and the binder of 1882 used the hook bill knotter. The

witness was then permitted, against the plaintiffs' objections, to state in detail the difference between the two elevators and binders and that all other manufacturers, as well as the Champion company, used these new devices after 1881.

That this evidence was wholly irrelevant, is clear. The plaintiffs' warranty was that the machine would do as good work as any other harvester binder. This means any other harvester binder then in use, and not one subsequently constructed by plaintiffs or other manufacturers. The admission of this evidence was, therefore, erroneous. Nor can we say that it was not prejudicial, since it would necessarily confuse the jury as to the scope of the warranty. Since the court submitted to the jury, in the absence of all evidence to the contrary, the question whether the machine was well made and of good material, the jury might even have found that the evidence touching subsequent improvements bore upon the warranty that the machine was well made, and that the machine was not well made because machines constructed by the Champion and other companies subsequently were made otherwise.

III. The foregoing paragraph (number II) is the reasoning of my associates, in which I do not concur. Conceding, for argument's sake, that the recitals in the warranty as to the machine being of good material and well made amounted to a separate covenant to that effect, it by no means follows that there was no evidence tending to show its breach. There is abundant evidence in the record that the machine failed under both of the tests prescribed in the written warranty, i. e., it failed to do good work under ordinary circumstances on a first trial, and it also failed to perform on a second trial made under the direction of the warrantor, such failure not being due to ill adjustment or misuse of the machine. The evidence tending to prove these facts necessarily tended to show that the failures

thus made were attributable to some imperfection in the material or construction of the machine, since all other causes of failure were excluded by the hypothesis raised by the evidence. Hence, there was inferential evidence tending to prove the issue as to workmanship and construction of the machine submitted in the court's instruction. I do not think, however, that the language of the warranty justifies the conclusion that it embraced a distinct agreement on the part of the warrantor to be answerable for the material or workmanship of the machine further than these should enable it to stand the tests prescribed by the two trials stipulated for in the warranty. In other words, as the warrantor was expressly released by the language of his warranty if the machine stood successfully the two trials provided for, I do not see how he could be held liable consistently with this agreement for its failure in any other respect. Neither was the irrelevant evidence introduced by defendant as to some differences made by the warrantor in the construction of its machines prejudicial to plaintiffs. The contract of warranty implied a contract of fit construction to meet its obligations. If this testimony had any evidentiary force, it was to show some reason growing out of the construction of the machine why it did not act as warranted. Defendant was not required to show any such reason. All he was required to show was the breach of the warranty. In going further he merely assumed an unnecessary burden. Hence, the evidence in question was not only irrelevant but also harmless. For these reasons I hold that the present judgment should be affirmed. My associates, for the reasons given in paragraph number 2, *supra*, are of the opinion that it should be reversed and remanded. It is so ordered, Judges Rombauer and Biggs, concurring; Judge Bond dissenting.